**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 40128 & 40129**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2013 Unpublished Opinion No. 537** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: June 18, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **CRYSTAL CHARLIE DEAN,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeals from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Orders revoking probation and requiring execution of unified six-year sentence, with two-year determinate, term for burglary and concurrent unified ten-year sentence, with three-year determinate term, for burglary, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before LANSING, Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

In Docket No. 40128, Crystal Charlie Dean pled guilty to burglary. I.C. § 18-1401. In exchange for her guilty plea, an additional charge was dismissed. The district court imposed a unified six-year sentence, with a two-year determinate term, but suspended the sentence and placed Dean on probation.

In Docket No. 40129, Dean pled guilty to burglary. In exchange for her guilty plea, additional charges were dismissed. The district court imposed a unified ten-year sentence, with a three-year determinate term, to run concurrent with her first burglary sentence. As a result of this plea, Dean also admitted to violating the terms of her probation in the first burglary case.

1

The district court revoked Dean's probation and ordered execution of her original sentence. The district court, however, retained jurisdiction in both of Dean's cases and ultimately suspended the sentences and placed Dean back on probation.

Subsequently, Dean admitted to violating the terms of her probation, and the district court consequently revoked probation and ordered execution of the original sentences. Dean filed I.C.R. 35 motions for reduction of her sentences, which the district court denied. Dean appeals, contending that the district court abused its discretion in revoking probation, should have sua sponte reduced her sentences, and that the sentences are excessive.

It is within the trial court's discretion to revoke probation if any of the terms and conditions of the probation have been violated. I.C. §§ 19-2603, 20-222; *State v. Beckett*, 122 Idaho 324, 325, 834 P.2d 326, 327 (Ct. App. 1992); *State v. Adams*, 115 Idaho 1053, 1054, 772 P.2d 260, 261 (Ct. App. 1989); *State v. Hass*, 114 Idaho 554, 558, 758 P.2d 713, 717 (Ct. App. 1988). In determining whether to revoke probation a court must examine whether the probation is achieving the goal of rehabilitation and consistent with the protection of society. *State v. Upton*, 127 Idaho 274, 275, 899 P.2d 984, 985 (Ct. App. 1995); *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *Hass*, 114 Idaho at 558, 758 P.2d at 717. The court may, after a probation violation has been established, order that the suspended sentence be executed or, in the alternative, the court is authorized under Idaho Criminal Rule 35 to reduce the sentence. *Beckett*, 122 Idaho at 325, 834 P.2d at 327; *State v. Marks*, 116 Idaho 976, 977, 783 P.2d 315, 316 (Ct. App. 1989). The court may also order a period of retained jurisdiction. *State v. Urrabazo*, 150 Idaho 158, 162, 244 P.3d 1244, 1248 (2010). A decision to revoke probation will be disturbed on appeal only upon a showing that the trial court abused its discretion. *Beckett*, 122 Idaho at 325, 834 P.2d at 327. In reviewing the propriety of a probation revocation, the focus of the inquiry is the conduct underlying the trial court's decision to revoke probation. *State v. Morgan*, 153 Idaho 618, 621, 288 P.3d 835, 838 (Ct. App. 2012). Thus, this Court will consider the elements of the record before the trial court that are properly made part of the record on appeal and are relevant to the defendant's contention that the trial court should have reduced the sentence sua sponte upon revocation of probation. *Id*.

Sentencing is also a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822

2

P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of probation. *Id.*

Finally, we address Dean's argument that the district court did not recognize the issue of whether to revoke probation as one of discretion. Condition 24 of Dean's probation warned her that further violations of her probation would result in the imposition of her sentences. At the sentencing hearing, the district court explained to Dean that this was her final opportunity for probation. Dean, having violated her probation, now claims that the district court was merely following condition 24 when it revoked probation rather than exercising its discretion. This claim has no merit. At the probation violation hearing, the district court stated, "I do recognize my discretion in sentencing" and advised Dean that her admissions to violating her probation *could* result in her sentences be imposed. There is nothing in the record to suggest that the district court believed it was bound to revoke Dean's probation, only that Dean, in the face of the district court's stern warning that this was her last chance at probation, again violated probation. Dean has not shown that the district court abused its discretion and there is no merit in Dean's claim that the district court failed to recognize the issue as one of discretion.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion either in revoking probation or in ordering execution of Dean's original sentences without modification. Therefore, the orders revoking probation and directing execution of Dean's previously suspended sentences are affirmed.